IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALPHONSO V. FRAZIER II, and PHYLLIS M. KNIGHT, <br><br> Petitioners, <br><br> vs. <br><br> MICHAEL MEYERS, and NEBRASKA UNICAMERAL LEGISLATURE, <br><br> Respondents. | **8:22CV104** <br><br> **MEMORANDUM AND ORDER** |

    This matter is before me for initial review of a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (filing 1) filed on behalf of Petitioner Alphonso V. Frazier II ("Frazier") by Phyllis M. Knight ("Knight"). For the reasons that follow, I will dismiss the petition without prejudice because Knight has failed to demonstrate that she is entitled to maintain the present habeas action on Frazier's behalf.

    The Petition challenges Frazier's conviction after a bench trial in the County Court of Douglas County, Nebraska for two counts of disorderly conduct in violation of Omaha, Neb., Municipal Code § 20-42, for which Frazier was sentenced to two consecutive terms of 180 days' imprisonment on August 5, 2021. (Filing 1 at CM/ECF pp. 1, 47, 86, 122–123.) The Petition's allegations are difficult to understand but seem to raise conclusory claims of fraud on the court, due process violations, lack of jurisdiction, and general complaints about how Frazier's various filings in both state and federal court have been allegedly mishandled.

    Frazier has not signed the Petition. Rather, Knight signed the Petition, and where the Form AO 241 petition asked, "If the person signing is not petitioner,

state relationship to petitioner and explain why petitioner is not signing this petition," Knight wrote:

> Petitioner is not signing because he has been missing in action inside the Douglas County Correctional Center he has not been heard from in [sic] since January 19, 2022. In addition Mr. Frazier being severely injured by another inmate another inmate [sic] on February 10, 2022, and refused medical attention by Nursing Staff. On this 22nd day of February 2022, I the signer spoke with the records department at the Omaha Correction Center who denied info on FRAZIER.

(Filing 1 at CM/ECF p. 16.) As explained below, Knight's allegations fail to establish that she is entitled to proceed on Frazier's behalf in this habeas action.

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242; *see also* Rule 2(c)(5) of the *Rules Governing § 2254 Cases in the United States District Courts* ("The petition must . . . be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner . . . ."). Knight may pursue this habeas corpus action on behalf of Frazier if she can establish standing to proceed as his "next friend." To establish standing as a "next friend," the party purporting to act for a convicted defendant must show (at least) the following two things:

1. The real party cannot access the courts, the real party is mentally incompetent, or the real party has some other disability, and the real party cannot therefore bring the action himself.

2. The party purporting to act for the real party is dedicated to the best interests of the real party.

*Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id*. at 164.

Knight has failed to show that the factors for "next friend" standing exist in the present case. Knight alleged that she signed for Frazier because Frazier had not been heard from since January 19, 2022, was severely injured on February 10, 2022, and Knight had been denied information on Frazier by the institution holding him. (Filing 1 at CM/ECF p. 16.) However, these allegations are directly contradicted by Knight's statements in the "Attachment" to the Petition that she received calls from Frazier on March 4 and March 10, 2022, in which Frazier stated he received mail from the courts and that he was in administrative confinement. (*Id*. at CM/ECF pp. 17–18.) The Petition was not filed in this court until March 23, 2022.[1] Nothing in these allegations or elsewhere in the petition suggest that Frazier was, or is presently, incapable of bringing this habeas petition on his own behalf. Moreover, the incomprehensible and nonsensical allegations of the Petition do not suggest that Knight is truly dedicated to Frazier's best interests.

Additionally, there is no indication that Knight is an attorney and that she is admitted to practice in this court so that she may represent Frazier in this habeas corpus action. *See* NEGenR 1.7(d) ("An attorney admitted and licensed to practice before the highest court of any state may apply for admission to practice in this court."). It is improper for a non-lawyer to sign papers in place of, or to otherwise represent, parties other than themselves. *See United States v. Brenton*, No. 8:04CR262, 2007 WL 3124539, at *1 (D. Neb. Oct. 23, 2007) (citing 5A C. Wright & A. Miller, Federal Practice and Procedure § 1333, at 513 & n.15 (2004)). Parties only may proceed in federal court pro se when acting solely for themselves or through counsel. 28 U.S.C. § 1654; *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir.1994) (non-lawyer has no right to represent another entity in

---

[1] I note that on March 3, 2022, the court returned a purported habeas petition submitted by Knight on behalf of Frazier because Frazier was identified as the Petitioner, but only Knight had signed the petition. (Filing 31, Case No. 22PS3000.)

3

federal court). If Frazier wishes to challenge his conviction through federal habeas proceedings, then he may file a petition on his own behalf using the forms enclosed with this Memorandum and Order.

Finally, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). No matter what standard is applied, Petitioner has failed to make the requisite showing. Accordingly, I will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus (filing 1) is denied and dismissed without prejudice. No certificate of appealability has been or will be issued.

2. The court will enter judgment by separate document.

3. The clerk of the court is directed to send a blank Form AO 241 Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus and an application to proceed without prepayment of fees to Petitioner Alphonso V. Frazier along with a copy of this Memorandum and Order.

Dated this 16th day of June, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge